Spalding, J.
In section 4, of the act of congress, entitled “ an act to establish a uniform system of bankruptcy throughout the United States, approved August 19, 1841,” it is provided, among other things, that “ such discharge and certificate, when duly granted, shall, in all courts of justice, be deemed a full and complete discharge of all debts, contracts, and other engagements of such bankrupt, which are provable under this act, and shall be, and may be pleaded as a full and complete bar to all suits brought in any court of judicature, whatever, and the same shall be conclusive evidence of itself, in favor- of such bankrupt, unless the same shall be impeached for some fraud, or willful concealment, by him, of his property, or rights of property, as aforesaid, contrary to the provisions of this act, on prior reasonable notice, specifying in writing such fraud or concealment.’
*293 No one will deny that the debt, described in plaintiff’s declaration, was provable under the act. The certificate, then, may be pleaded as “a full and complete bar” to a recovery on the note, and will be deemed “ conclusive evidence, of itself, in favor of the defendant, unless it be impeached for fraud.”
Nothing of the kind is attempted in the record before us. So far from imputing fraud to the defendant, and endeavoring to impeach the validity of the discharge and certificate on that ground, it is not even alleged in the replication, that the claim of the plaintiff was intentionally left out of the schedule. It may have been omitted by mistake. The defendant may have forgotten the claim altogether, or he may have supposed it paid.
The act of congress no where requires the applicant to swear positively to the schedule of his debts, but, indulgent to the frailty of human memory, permits him to set forth a list of his creditors, “ to the best of his knowledge and belief.” As to the question raised by the pleadings, we are not without decisions in point, although we now, for the first time, settle the rule in Ohio.
In the case of Fox v. Paine, 10 Alabama Rep. 523, the defendant pleaded that he was a discharged bankrupt, previous to the institution of the suit. To this the plaintiff replied that the discharge was void and inoperative, having been obtained by fraud, and without rendering a full and complete schedule of debts owed by the bankrupt, and of his property, etc.
On the trial, the record of the schedule was produced, and the debt sued for in the action was not therein mentioned, included, or in any way referred to.
Per Curiam. “We think the omission to include the debt in the schedule, and the neglect to notify the creditor of the application, is not fraudulent in itself, nor, in the absence of circumstances evincing the intention to deceive, is it evidence from which fraud may be inferred.”
*294 In the circuit court of the United States, for the district of Massachusetts, held at Boston, in September, 1842, an objection was taken to the discharge of a bankrupt, that he had not enumerated the objectors among the creditors, in the schedule of the debts due by him. Story, Judge, decided that unless the concealment or suppression was intentional and fraudulent, and not by mere mistake or accident, it did not constitute a valid objection to the grant of a discharge and certificate, under this act. “ The omission to include the debts,” said that learned judge, “ should have been ‘ willful,’ ” that is, knowingly wrongful or fraudulent, to produce a forfeiture of his right to a discharge and certificate : for the language of the fourth section is, that if any bankrupt “ shall willfully omit or refuse to comply with any orders or directions of such court, or to conform to any other requisites of this act, etc., etc., he shall not be entitled to any such discharge or certificate.”
In Hubbel and Curran v. Cramp et al., 11 Paige’s Chancery Reports 310, which was an appeal by the defendant, J. Cramp, from a decision of the vice chancellor of the fifth circuit, denying an application to dissolve an injunction upon a credit- or’s bill, so far as respected the appellant’s property; it appeared that the answer of Cramp denied that there was any thing due by him to the complainants, and as evidence that nothing was due, and that the judgment was not in force as to him, he set out Ms discharge under the bankrupt act.
The complainants stated in an affidavit, read in opposition to the motion to dissolve the injunction, that the defendant Cramp, either from inadvertance or otherwise, had neglected to insert their names as creditors, in the inventory of his debts. And they had no other notices of the proceedings in bankruptcy, than the ordinary notices in the newspapers.
The chancellor reserved the order appealed from, with costs, and dissolved the injunction. “ The bankrupt act of August, 1841,” he said, “ made the discharge and certificate, when duly granted, a full and complete discharge of all *295 debts of the bankrupt, which were provable under the act. The statute does not require absolute certainty in the petition, either as to the list of the creditors, or as to the inventory of the property of the bankrupt. But it requires that the bank rupt shall set forth both, according to the best of his knowledge and belief. And as the presenting such a petition is necessary to give the court jurisdiction in the case, if it can afterwards be shown that the bankrupt intentionally or knowingly omitted the names of any of his creditors, or willfully mis-stated the place's of their residence, or the amount of their debts, he was not, he said, prepared to say that the discharge could not be avoided on that account; although this might not be one of the frauds referred to in the fourth section of. the bankrupt act, for which the discharge may be impeached.”
I have thus briefly noticed the expositions made of this branch of the law of bankruptcy, by courts and judges, whose opinions are entitled to respect.
The question submitted to our consideration is attended with less embarrassment than either of those adjudicated in the courts of Alabama, Massachusetts or New York.
The simple inquiry here is, may a debt be recovered in our courts, notwithstanding the debtor pleads his discharge and cer tifieate as a bankrupt, if it appears that he has omitted to state the debt sued for in his schedule ?
It is the opinion of a majority of this court, that a sound construction of the late bankrupt law of the United States, will not admit of such recovery. The judgment of the-court of common pleas will, therefore, be affirmed with costs.
Caldwell, J., dissented.